**UNITED STATES DISTRICT COURT**          **EASTERN DISTRICT OF TEXAS**

PURVIS RAY CARTWRIGHT,                      §
§
        Plaintiff,                           §
§
*versus*                                    §     CIVIL ACTION NO. 1:06-CV-177
§
T.C. OUTLAW,                                §
§
        Defendant.                          §

### MEMORANDUM ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Purvis Ray Cartwright, an inmate confined at the Federal Correctional Complex in Beaumont, Texas, proceeding *pro se*, brought this *Bivens*-type action against T.C. Outlaw, seeking injunctive relief concerning the conditions of his confinement.

The court referred this matter to the Honorable Earl S. Hines, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends this action be dismissed without prejudice for want of prosecution.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record, pleadings and all available evidence. Plaintiff filed objections to the magistrate judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the court concludes plaintiff's objections are without merit.

Plaintiff asserts that this action is a petition for writ of habeas corpus. However, plaintiff complains of the improper search and confiscation of his property, and that he has been denied access to the courts.

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871,

… 42 U.S.C. § 1983." *Muhammad v. Close*, 540 U.S. 749, 750 (2004).  "[R]equests for relief turning on circumstances of confinement may be presented in a § 1983 action."  *Id.*  However, the writ of habeas corpus is the appropriate federal remedy for a prisoner challenging the fact or duration of confinement.  *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S.Ct. 1827, 1833, 36 L.Ed.2d 439 (1973).

When an inmate attacks "unconstitutional conditions of confinement and prison procedures," his proper remedy is a civil rights complaint.  *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997).  The core issue in determining whether a prisoner must pursue habeas corpus relief rather than a civil rights action is to determine whether the prisoner challenges the "fact or duration" of his confinement or merely the rules, customs, and procedures affecting "conditions" of confinement.  *Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir. 1987).

Here, plaintiff complains of the improper search and confiscation of his property, and that he has been denied access to the courts.  Accordingly, plaintiff's claims must be brought in a civil rights action.  Thus, plaintiff was required to either pay the $250 filing fee or submit an application to proceed *in forma pauperis*, which he has failed to do.[1]

## O R D E R

Accordingly, plaintiff's objections are **OVERRULED**.  The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**.  A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

SIGNED at Beaumont, Texas, this 18th day of October, 2007.

*Marcia A. Crone*

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE

---

[1]  Along with his objections, plaintiff submitted documents relating to another action filed in this court, styled *Cartwright v. Outlaw*, 1:05cv797 (E.D. Tex. Aug. 8, 2007).  Plaintiff may be confusing this action with his previous petition for writ of habeas corpus.